UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARQUIS DERON HEARD,

    *Plaintiff*,

  v.

SCOTT HARRIS,
Clerk of the United States Supreme Court,

    *Defendant*.

Civil Action No. 1:22-cv-01133 (CJN)

## MEMORANDUM OPINION

Plaintiff Marquis Deron Heard, a federal prisoner proceeding *pro se*, alleges that Defendant Scott Harris, the Clerk of the United States Supreme Court, has infringed on his First Amendment right of access to the Supreme Court and suspended his privilege of the writ of habeas corpus. Compl. ¶ 2, ECF No. 1. Defendant has moved to dismiss with prejudice for lack of subject-matter jurisdiction.[1] *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 7. For the reasons explained below, the Court grants the motion to dismiss for lack of subject-matter jurisdiction.

Plaintiff alleges that he has attempted to file petitions for writs of certiorari at the Supreme Court, but the petitions were refused due to filing errors. Compl. ¶¶ 10–17. He also attempted to file a petition for a writ of mandamus at the Supreme Court, complaining about the Court not docketing his previous petitions—but that petition too was not accepted for filing. *Id.* ¶¶ 19–20. Plaintiff challenges the filing barriers that he has faced and alleges that, by imposing these hurdles, Defendant has suspended his privilege of the writ of habeas corpus. *Id.* at 6. He seeks a declaratory

---

[1] Defendant has also moved to dismiss for insufficient service of process. Def.'s Mot. at 1, 6–8. The Court does not reach this separate ground for dismissal.

1

judgment stating that he is entitled to equitable treatment and acknowledging his rights to the privilege of habeas corpus and to petition the courts for redress of grievances. *Id.* at 8. His complaint also requests an injunction "enlisting a third party" to proofread his submissions to the Supreme Court and requiring Defendant to specify his filing errors more clearly, as well as any other appropriate relief. *Id.*

Defendant seeks dismissal on the ground that "this Court lacks subject matter jurisdiction to order the Supreme Court to act." Def.'s Mot. at 6. In his opposition to Defendant's motion to dismiss, Plaintiff asks the Court to strike from his complaint any request for an injunction that would compel action from Defendant. Pl.'s Opp'n at 4, ECF No. 11. The Court will therefore construe Plaintiff's complaint as seeking only (1) a declaratory judgment and (2) an injunction directed to a third-party proofreader.

Even with the removal of Plaintiff's request for an injunction that would directly compel action on the part of Defendant, the Court still lacks subject-matter jurisdiction over his claims. The Court "lack[s] subject matter jurisdiction to review any decision of the Supreme Court or its Clerk." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992). The Court therefore cannot entertain a request for even declaratory relief against the Clerk; the Court has no jurisdiction to interfere with the "supervisory responsibility" of the Supreme Court "by mandamus or otherwise." *Id.* And although the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), "extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice," *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977), that Act "is not itself a grant of jurisdiction." *In re Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004); *see* 28 U.S.C. § 1651(a) (authorizing federal courts to "issue all writs necessary or appropriate *in aid of their*

*respective jurisdictions*" (emphasis added)).  The Court has no jurisdiction to review the merits of Plaintiff's claims and lacks authority to grant any of the requested relief.

For these reasons, Defendant's Motion to Dismiss is **GRANTED**, and this case is **DISMISSED** under Rule 12(b)(1).  The action is dismissed with prejudice because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quotations omitted); *see also, e.g.*, *Schneller v. Supreme Court*, 550 F. App'x 9 (D.C. Cir. 2013) (affirming dismissal with prejudice in a similar context).  Plaintiff has also submitted a filing styled as a motion for partial summary judgment ("on his claim for denial of due process of law in seeking declaratory judgement [sic]") and a request for production of documents ("grand jury minutes").  *See* Pl.'s Mot. for Partial Summ. J. at 1–3, ECF No. 12.  These additional requests for relief are **DENIED** as moot given the Court's resolution of Defendant's motion to dismiss.

A separate Order accompanies this Memorandum Opinion.

DATE:  July 19, 2023

                                                         CARL J. NICHOLS
                                                         United States District Judge